IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| NOLAN CRAIG MARTIN, | |
| Plaintiff, | CIVIL ACTION NO.: 6:23-cv-24 |
| v. | |
| WARDEN ADAMS, WARDEN CHAMBERS, MR. TOOLE, MR. MCRAE, and OFFICER SHUMAKE, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Defendants Chambers, Shumake, Toole, and McRae filed Motions for a More Definite Statement and to Sever. Docs. 42, 43. I directed Plaintiff to file a response to these Motions within 14 days of my December 15, 2023 Order and advised Plaintiff his lack of response would indicate his lack of opposition. Doc. 44. Plaintiff has not filed any response, and the time to do so has elapsed. As discussed below in further detail, I **RECOMMEND** the Court **DENY as moot** Defendants' Motions, **DISMISS without prejudice** Plaintiff's claims against these four Defendants for failure to follow this Court's Order and to prosecute, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal as to these four Defendants, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] Defendant Adams is the only Defendant who has not appeared in this case, though he executed a waiver of service. Doc. 29. Defendant Adams's response to Plaintiff's Amended Complaint was due to be filed on or before September 29, 2023. Id. In addition, the Clerk of Court mailed Defendant Adams an Order directing the filing of responsive pleadings to the Amended Complaint. Doc. 41; Dkt. entry dated Nov. 29, 2023. Should the Court adopt my recommendation, Plaintiff's claims against Defendant Adams will remain pending.

## BACKGROUND

Plaintiff brought this cause of action under 42 U.S.C. § 1983.  Doc. 1.  Defendants Chambers, Shumake, Toole, and McRae filed Motions for More Definite Statement and to Sever.  Docs. 42, 43.  The Court issued an Order on December 15, 2023, informing Plaintiff Defendants had filed these Motions and directed Plaintiff he was to file a response to these Motions within 14 days of that Order.  Doc. 44.  The Court cautioned Plaintiff his failure to file a timely response would indicate he does not oppose the Motions and lead to the dismissal of certain claims or the entire cause of action.  Id. at 1.  This Order was returned as undeliverable, as the Clerk of Court was using the mailing address Plaintiff provided.  Doc. 46.  The Clerk of Court re-mailed this Order to Plaintiff on January 5, 2024, using the correct mailing address.  There is nothing before the Court indicating this Order or Defendants' Motions failed to reach Plaintiff.  However, the renewed 14-day period has elapsed, and Plaintiff has failed to respond.

## DISCUSSION

Plaintiff has not responded to Defendants' Motions for More Definite Statement and to Sever or the Court's December 15, 2023 Order.  The Court must now determine how to address Plaintiff's failure to comply with this Court's Order.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Chambers, Shumake, Toole, and McRae and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**I.     Dismissal for Failure to Follow This Court's Order and to Prosecute**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718

---

[2] In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the

(11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

---

Court advised Plaintiff his failure to respond to Defendants' Motions or the Court's Order could result in the dismissal of his claims.  Doc. 44.

While the Court exercises its discretion to dismiss cases with caution, dismissal of Plaintiff's claims against these four Defendants without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Plaintiff failed to follow this Court's Order or respond to Defendants' Motions, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so.  Doc. 44.  Consequently, the Court should **DENY as moot** Defendants' Motions, docs. 42, 43, **DISMISS without prejudice** Plaintiff's claims against Defendants Chambers, Shumake, Toole, and McRae for failure to follow this Court's Order and to prosecute, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal for these four Defendants.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3);

4

Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order or otherwise respond to Defendants' Motions for More Definite Statement and to Sever, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DENY as moot** Defendants' Motions, **DISMISS without prejudice** Plaintiff's claims against Defendants Chambers, Shumake, Toole, and McRae for failure to follow this Court's Order and to prosecute, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file

5

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 31st day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA